UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGETTE T.,

        Plaintiff,                       **DECISION AND ORDER**

    v.                                        1:20-CV-00846-EAW

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## INTRODUCTION

Plaintiff Georgette T. ("Plaintiff") seeks attorneys' fees in the amount of $44,290.50 pursuant to 42 U.S.C. § 406(b). (Dkt. 29). The Commissioner of Social Security ("the Commissioner") does not object to the requested amount but defers to the Court to determine the timeliness and the reasonableness of Plaintiff's fee request. (Dkt. 32). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On July 7, 2020, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB"). (Dkt. 1). Plaintiff moved for judgment on the pleadings on March 5, 2021. (Dkt. 16). On July 28, 2021, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 22).

On August 30, 2021, Plaintiff brought a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), seeking $7,864.20 in legal fees incurred by his legal counsel during his representation. (Dkt. 24). By Stipulated Order filed on October 4, 2021, the Court approved payment of $7,364.20 to Plaintiff's counsel for services performed in connection with this action. (Dkt. 28).

On March 11, 2023, the Commissioner issued a Notice of Award relative to Plaintiff's DIB claim, which stated that the Commissioner withheld 25 percent of Plaintiff's past-due benefits, or $34,162.50, for Plaintiff's attorneys' fees. (Dkt. 29-5 at 3). On April 27, 2023, the Commissioner issued another Notice of Award, which related to Plaintiff's SSI claim, informing Plaintiff that she was awarded past-due benefits in the amount of $110,782.00 payable from December 2010 through April 2023. (Dkt. 29-6 at 2). Lastly, on May 16, 2023, the Commissioner issued a Notice of Award for Plaintiff's child's auxiliary benefits, which stated that the Commissioner withheld 25 percent of Plaintiff's child's past-due benefits, or $9,622.50, to pay to the child's representative. (Dkt. 29-7 at 2).

On June 1, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $44,290.50 in attorneys' fees. (Dkt. 29). In his motion, Plaintiff's counsel indicates that his firm was awarded the sum of $7,364.20 under the EAJA, which he will refund to Plaintiff once the instant fee application is resolved. (Dkt. 29-2 at ¶ 17). The Commissioner filed a response on June 29, 2023. (Dkt. 32). On November 17, 2023, the Court issued a text order seeking supplemental papers addressing, among other issues, whether the § 406(b) application was timely filed. (Dkt. 33). Plaintiff filed a response on December 1, 2023. (Dkt. 34).

**DISCUSSION**

**I.      Timeliness of the Motion**

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued three Notices of Award that related to Plaintiff's DIB and SSI claims, as well as a claim for Plaintiff's child's auxiliary benefits. (Dkt. 29-5; Dkt. 29-6; Dkt. 29-7). Although Plaintiff received the first Notice of Award related to her DIB claim on or about March 11, 2023 (Dkt. 29-5) and the second Notice related to her SSI claim on or about April 27, 2023 (Dkt. 29-6), the Commissioner did not issue a Notice of Award related to Plaintiff's child's benefits claim until May 16, 2023. (Dkt. 29-7). Thus, it was not until that third Notice of Award was issued that counsel was able to ascertain Plaintiff's total past-due benefits and the maximum attorneys' fees that could be sought.

The court in *Sinkler* expressly provided that the 14-day limitation period is subject to equitable tolling "until the claimant receives notice of the amount of a benefits award. That is because the benefits award amount is necessary to identify the maximum attorney's fee that may be awarded under § 406(b)." *Sinkler*, 932 F.3d at 85. While the March 11, 2023, Notice of Award provided details about Plaintiff's past-due benefits and the

- 3 -

Commissioner's withholding related to her DIB claim, it did not provide enough information regarding Plaintiff's SSI or child auxiliary benefits, so as to allow counsel to determine the maximum attorneys' fees available to Plaintiff under § 406(b). Thus, the Court concludes that the third Notice of Award is the triggering event for the running of the 14-day time period, and until that third Notice of Award was issued the limitations period was tolled.

As a result, the filing of the § 406(b) application on June 1, 2023—16 days after issuance of the third Notice of Award—was timely. This finding is consistent with the rulings reached by district courts within this Circuit. *See, e.g.*, *Nashir v. Berryhill*, No. 18-CV-767-HKS, 2023 WL 2815003, at *1 (W.D.N.Y. Apr. 5, 2023) ("Where multiple notices are expected due to . . . benefits awarded to family members, the deadline may be extended until counsel has received the necessary documentation to identify the maximum allowable attorney's fee."); *Leonard J.H. v. Comm'r of Soc. Sec.,* No. 18-CV-1436-FPG, 2023 WL 2768300, at *2 (W.D.N.Y. Apr. 4, 2023) ("the limitations period did not begin until counsel received copies of the Child Auxiliary Notices of Award") (internal citation omitted); *John C. v. Kijakazi*, No. 20-CV-296F, 2022 WL 17842952, at *2 (W.D.N.Y. Dec. 22, 2022) ("Where, however, there are multiple notices of benefits awarded including, as here, to Plaintiff for disability benefits and to Plaintiff's minor child for auxiliary benefits, the 14-day deadline is extended until counsel has received all necessary documentation to determine the maximum allowable attorney fees."); *Capers v. Saul*, No. 1:19-cv-4148 (WFK) (PK), 2022 WL 3543569, at *3 (E.D.N.Y. Aug. 18, 2022) ("Without information regarding her child's award, Plaintiff's counsel did not receive notice of 'the maximum

attorney's fees that may be claimed,' and, therefore, the fourteen-day limitations period did not begin to run on that date." (internal citation omitted)); *Kathleen I. v. Comm'r of Soc. Sec.*, No. 18-CV-6289-FPG, 2022 WL 2301781, at *2 (W.D.N.Y. June 27, 2022) (having received the notice of award related to Plaintiff's Title II benefits, the limitation period did not begin to run until counsel received the notice of Title XVI benefits); *Kraft v. Comm'r of Soc. Sec.*, No. 18-CV-853S, 2021 WL 1540502, at *2 (W.D.N.Y. Apr. 20, 2021) (attorneys' fees application was timely when "counsel did not receive notice of the 'maximum attorney's fees that may be claimed' until the Administration transmitted to her notice of [p]laintiff's children's award").

**II.    The Reasonableness of the Requested Fee**

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney

for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award

of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $44,290.50, which the Commissioner agrees is not greater than 25 percent of the statutory cap of Plaintiff's past-due benefits.[1] (Dkt. 32 at 5). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.[2] Counsel's law firm provided effective representation of Plaintiff's interests since March of 2018, resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. Here, the

---

[1]   Counsel submits that this figure represents 25 percent of Plaintiff's total past-due benefits of $177,162.00 awarded by the Commissioner and computes it based on the information provided in the Notices of Award received by Plaintiff. (Dkt. 29-1 at 2, 9; Dkt. 29-2 at ¶ 14). Specifically, the March 11, 2023, Notice of Award related to Plaintiff's DIB claim indicates that the Commissioner withheld $34,162.50 from Plaintiff's past-due benefits to pay to her representative. (Dkt. 29-5 at 3). The April 27, 2023, Notice of Award related to Plaintiff's SSI claim does not state the amount withheld for attorneys' fees, but indicates that Plaintiff's SSI benefits for the three months predating the effective date of her DIB claim totaled $2,022.00. (Dkt. 29-6 at 2). Plaintiff's counsel submits that 25 percent of that amount would equal $505.50 in attorneys' fees. (Dkt. 29-2 at ¶ 14). Lastly, the Notice of Award related to Plaintiff's child's benefits claim indicates that $9,622.50 was withheld from the child's past-due benefits for attorneys' fees. (Dkt. 29-7 at 2).

[2]   Counsel states that his office first engaged in Plaintiff's representation in March of 2018 (Dkt. 29-1 at 10), but as part of Plaintiff's instant application, he submitted a fee agreement that was signed by Plaintiff on May 25, 2022, long after Plaintiff's matter was remanded by the Court for further proceedings. (Dkt. 29-3). Notably, Plaintiff's previously-submitted EAJA fee application contains a fee agreement that was signed by Plaintiff on November 5, 2018, which appears to be consistent with the chronology of Plaintiff's representation discussed in counsel's declaration attached to the instant application. (Dkt. 24-4; Dkt. 29-2). It is unclear why counsel did not submit the 2018 fee agreement as part of his motion as, with the exception of a few attorneys who are no longer associated with his firm who signed the agreements, both documents appear to be the same.

success of Plaintiff's claims was uncertain as demonstrated by multiple denials of her applications at the agency level. Accordingly, the hours expended by counsel's law firm were reasonable in light of the issues presented and the extent of representation.

The requested fee would result in a *de facto* hourly rate of $1,226.88 ($44,290.50 divided by 36.1 hours). (Dkt. 29-1 at 10; Dkt. 29-2 at ¶ 16; Dkt. 29-8). The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate of $400.00 per hour (Dkt. 29-2 at ¶ 19), counsel's law firm's successful representation of Plaintiff's interests ultimately achieved reversal of the Commissioner's decision and remand of Plaintiff's applications solely for calculation and payment of benefits. (Dkt. 29-4). Although certainly high, the effective hourly rate of $1,226.88 falls within the range of rates under § 406(b) approved by courts. *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Sue-Anne O. M. v. Kijakazi*, No. 3:20-CV-00301, 2023 WL 3737712, at *3 (D. Conn. May 31, 2023) (effective hourly rate of $1,100.82 was reasonable); *Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (the hourly rate of $1,506.32 was reasonable); *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (effective hourly rate of $1,079.72 did not constitute "windfall" to counsel). Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $1,226.88 is reasonable and in line with awards generally approved in this District for similar work performed. The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018

WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id*. (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $7,364.20 to Plaintiff. (Dkt. 28). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 29) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $44,290.50 out of funds withheld from Plaintiff's past-due benefits; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $7,364.20 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      March 20, 2024
            Rochester, New York